OPINION OF THE COURT
Morrie Slifkin, J.
In this motion to vacate an attachment, the issue is whether a foreign corporation, neither doing business nor authorized to do business in New York, is subject to quasi in rem jurisdiction by attachment of a noninterest bearing correspondent account in a New York bank, which account has no connection to the facts giving rise to the lawsuit.
Plaintiff is a New York corporation engaged in the import- *326 export business. Defendant Electro Peru (not appearing herein) ordered two air shipments from plaintiff to Lima, Peru. Pursuant to banking arrangements, defendant Banco Continental of Peru (hereinafter Banco) was sent sight drafts for each shipment with documents of title and with instructions to surrender the documents against payment of the draft.
It is the claim of plaintiff that, contrary to instructions received from Chemical Bank, Banco indorsed the two air waybills and allowed the consigned shipments to be removed. The complaint alleges that Banco "breached its agent’s warranty and bailment agreement” by failing to collect the amount due, and "in disregard of its duty neglected to take due and proper care of its obligation in that through its neglect, all of the consigned merchandise was released with the documents of title without the specified monies first being collected.”
On February 5, 1979, an order of attachment was issued by this court with respect to Banco assets in New York. The attachment was made pursuant to CPLR 6201 (subd 1) and was intended to enable the New York court to obtain in rem or quasi in rem jurisdiction over Banco. The specific asset subsequently levied against pursuant to the order was a noninterest bearing correspondent account maintained by Banco in the Banco de Brazil, S.A. of New York. It is alleged and not refuted that this account has no connection with the transaction upon which suit is brought.
Banco now moves to vacate the order of attachment, pursuant to CPLR 6223 on the grounds that the attachment violates the due process clause of the United States Constitution.
Shaffer v Heitner (433 US 186) holds that the exercise by State courts of that limited type of jurisdiction traditionally called "quasi in rem” is a denial of due process where the court’s jurisdiction is predicated solely upon the presence of the defendant’s property within the forum State and its seizure prior to the commencement of the action, and where the property and the circumstances of its presence within that State are unrelated to that claim. This narrowest and most direct of Shaffer’s holdings is an extension of the minimum contacts test of International Shoe Co. v Washington (326 US 310) from in personam to in rem jurisdiction (see, also, Hanson v Denckla, 357 US 235). Arguments as to whether Shaffer would be given a broader interpretation and effect in subse *327 quent cases (see, e.g., Smit, The Importance of Shaffer v. Heitner: Seminal or Minimal?, 45 Brooklyn L Rev 519) have been answered recently when the Supreme Court indicated that Shaffer would serve to deprive State courts of jurisdiction in areas thought by courts and commentators to be outside the scope of Shaffer (cf. Rush v Savchuk, 444 US 320, and World-Wide Volkswagen Corp. v Woodson, 444 US 286, with O’Connor v Lee-Hy Paving Corp., 579 F2d 194; and see Diamond, Seider v Roth — Alive and Well, 45 Brooklyn L Rev 545).
It is clear that the facts of this case place it within the classic pattern rejected by Shaffer as a basis for quasi in rem jurisdiction. Banco has no contacts with New York. The transaction underlying the lawsuit took place in Peru. The bank account in New York had no connection with this transaction (despite plaintiff’s assertion that it might have some connection, since it enables Banco to engage in international commerce). If Banco were a United States corporation, its motion would be granted with a simple cite to Shaffer. "We held in Shaffer that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action.” (Rush v Savchuk, 444 US 320, 328, supra).
Banco’s status as a Peruvian bank alters the quality of Shaffer as authority for granting the motion. Hanson v Denckla (supra) had dispelled any idea that International Shoe had overruled the basic premise of Pennoyer v Neff (95 US 714) that the due process limitation upon a State court’s exercise of jurisdiction is "a consequence of territorial limitations on the power of the respective States.” (Hanson v Denckla, supra, p 251.) There is an underlying emphasis, carried over in Shaffer, on the relations among the States. The Shaffer court, rejecting the notion that quasi in rem jurisdiction prevents evasion of obligations, noted that "The role of in rem jurisdiction as a means of preventing the evasion of obligations * * * may once have been more significant.” (Shaffer v Heitner, supra, p 210, n 35.) Immediately after holding that the full faith and credit clause allows for enforcement of a valid in personam judgment in all States, the Shaffer court rejected the suggestion "that allowing in rem jurisdiction avoids the uncertainty inherent in the International Shoe standard and assures a plaintiff of a forum” (p 211) but then added, by way of footnote, "This case does not *328 raise, and we therefore do not consider, the question whether the presence of a defendant’s property in a State is a sufficient basis for jurisdiction when no other forum is available to the plaintiff.” (Shaffer v Heitner, supra, p 211, n 37.)
The troublesome issue raised by this footnote is whether the Supreme Court meant no other forum in the United States or no other forum at all. In the absence of any elucidation, this court interprets the Supreme Court language as being absolute, i.e., as meaning no other forum at all. In addition to the absence of qualifying words, there is the emphasis placed by the Supreme Court upon the concepts of "fair play and substantial justice” as originally enunciated in International Shoe. Absent a clear showing that plaintiff cannot obtain a fair trial other than in New York (and plaintiff’s implied suggestion that a South American country would not afford it a fair trial is not such a showing), this court does not see how the interests of fair play and substantial justice mandate an alteration of Shaffer’s principles merely because defendant is an out-of-country bank.
For the foregoing reasons, defendant’s motion is granted. Submit order providing for an inquest as to damages.